THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* VIRGINIA
M. MAYBROOK, Defendant.

Court of General Sessions of County of New York, March 10, 1949.

*Menahem Stim* for defendant.

*Nathaniel L. Goldstein, Attorney-General (John J. Calanese,
Abe Wagman* and *Wendell P. Brown* of counsel), for plaintiff.

DONNELLAN, J.   The defendant was indicted by the Grand
Jury charged with unlawfully practicing medicine on various
persons whose names are set forth in the indictment, without
lawful authorization, license or registration by holding herself
out as being able to diagnose, treat, operate or prescribe for
human disease, pain, deformity or physical condition and by
then and there offering to and undertaking for said persons
to diagnose, treat, operate or prescribe for human disease, pain,
injury, deformity or physical condition.

The second count of the indictment charges the defendant with the crime of advertising to practice medicine without lawful authorization, license or registration, in that she advertised herself as a " chiropractor " and by issuing cards and pamphlets bearing the legend " chiropractor " and by the insertion of an advertisement in the classified telephone directory (Red Book) under the classification of " chiropractors."

The third count charges the defendant with the crime of using in connection with the defendant's name, a designation tending to imply and designate the defendant as a practitioner of medicine, in that she did use in connection with her name the designation " chiropractor " which designation tends to imply and designate the defendant as a practitioner of medicine.

A motion is now made for an order granting the defendant an inspection of the Grand Jury minutes and for a dismissal of the indictment herein.

The first witness before the Grand Jury was the arresting officer who testified that at the time he arrested the defendant he took certain records from her office containing the names of patients.

The individuals whose names appear in the indictment and who, with the exception of one, were patients of the defendant were thereupon called to testify before the Grand Jury. Their testimony was similar in all important respects and was simply to the effect that upon their first visit to the defendant's office, the defendant directed them to have X rays of the spine taken and thereafter the defendant would examine the X rays and give the patient a chiropractic adjustment by the pressure of her hands and fingers upon parts of the back. From time to time the defendant would also use the machine called a neurocalograph which recorded on pieces of paper any deviations or nonalignment in the spine. There was no evidence whatsoever that this defendant ever prescribed any medicine or gave any medical treatment or advice. As a matter of fact, several of the witnesses testified that they were directed to go to physicians for certain ailments which they complained of. There was no evidence whatsoever that this defendant held herself out as a physician capable of diagnosing, treating, operating or prescribing for disease. She did not even take the X rays but sent her patients to one authorized under the law to take same.

The only testimony to substantiate the second and third counts of the indictment to the effect that the defendant advertised

herself as a physician was that she had a sign in her window which said — " J. V. Maybrook, Chiropractor — Palmer Graduate " with office hours; that she had an advertisement in the Red Book under the heading of " chiropractor ". As a matter of fact on pages 306 and 307 of the 1947 Red Book there are about 175 names of other chiropractors similarly listed. The advertisement to the effect that she was a chiropractor indicates in no way that she held herself out as a practicing physician, chiropractic meaning a treatment by manipulation of the spinal column.

Motion to dismiss the indictment is granted.